### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| THOMAS MATTHEWS, on behalf of himself and others similarly situated, | : : : : : : : : : : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | | |
| v. | | **COMPLAINT – CLASS ACTION** |
| ENHANCE HEALTH LLC | | |
| | | **JURY TRIAL DEMANDED** |
| Defendant. | | |

Plaintiff Thomas Matthews (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Mr. Matthews brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that Enhance Health LLC ("Enhance Health") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. Mr. Matthews also alleges that Enhance Health uses automated systems to make telemarketing calls from Florida, and that by doing so, Enhance Health has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

5. The recipients of Enhance Health's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by

Enhance Health makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

6.Plaintiff Thomas Matthews is, and at all times mentioned herein was, an individual citizen.

7.Defendant Enhance Health LLC is a Delaware limited liability company headquartered in this District.

## JURISDICTION AND VENUE

8.This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the Florida Telephone Solicitations Act claims, as they arise out of the same telemarketing campaign as the TCPA claims.

9.This Court has general personal jurisdiction over Enhance Health because the company resides in this District and directed the violative conduct to Plaintiff from here.

10.Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were from this District and Defendant resides here.

## TCPA BACKGROUND

The National Do Not Call Registry

11.The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12.A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

14. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

15. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

16. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

17. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

**FACTUAL ALLEGATIONS**

18. Defendant Enhance Health is a "person" as the term is defined by 47 U.S.C. § 153(39).

19. The Plaintiff's phone number, (540) 558-XXXX, has been on the National Do Not Call Registry since August 31, 2021.

20. The number is used by the Plaintiff for personal purposes.

21. The number is not associated with a business.

22. At no point has Plaintiff sought out or solicited information regarding Defendant Enhance Health's services.

23. Despite this, the Plaintiff has repeatedly received calls from Enhance Health.

24. The Plaintiff received calls from Enhance Health on at least March 28, March 29, and April 1, 2022.

25. The calls were solicitations from Enhance Health and were scripted telemarketing calls.

26. The caller on all of the calls initially identified as calling from "Medicare Supplemental".

27. During all of the calls the Plaintiff was asked the same general qualifying questions for Medicare supplement insurance plans, including how old the Plaintiff was, what Medicare supplier he had, if he receives state insurance, if he has supplemental insurance, and if he has any health issues.

28. During the first two calls, the Plaintiff indicated that he was not interested and hung up the calls.

29. Because Plaintiff believed the company name "Medicare Supplemental" to be a fake company name used to attempt to evade telemarketing restrictions, during the third call, the Plaintiff feigned interest to identify the caller.

30. He was transferred to Natalie Page who stated that the caller was in fact Enhance Health.

31. It was clear that all of the calls were made using "an automated system for the selection or dialing of telephone numbers" as required by Fla. Stat. § 501.059(8)(a) because the Plaintiff heard a delay when he answered the calls.

32. This "click" was the automated system selecting the number from a list of numbers to call and connecting it with a telemarketing representative.

33. Finally, an attorney for Plaintiff wrote to Enhance Health regarding the calls, who did not deny the solicitation.

34. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

35. Plaintiff bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call from Florida regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.
>
> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

37. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

38. Members of the Class are so numerous that their individual joinder is impracticable.

39. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

40. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

41. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

42. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

43. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act or Florida Telephone Solicitation Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

44. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

45. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

46. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

47. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

48. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

49. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

50. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

51. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

52. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

53. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

55. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

56. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

57. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

58. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

59. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

60. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

61. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

63. The Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

65.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry or using an automated dialer in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 28, 2022                    PLAINTIFF, on behalf of himself
                                        and others similarly situated,


                                        */s/ Avi R. Kaufman*
                                        Avi R. Kaufman (FL Bar no. 84382)
                                        kaufman@kaufmanpa.com
                                        Rachel E. Kaufman (FL Bar no. 87406)
                                        rachel@kaufmanpa.com
                                        KAUFMAN P.A.
                                        237 S. Dixie Hwy, 4th Floor
                                        Coral Gables, FL 33133
                                        Telephone: (305) 469-5881